# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORIS JIMENEZ, | 1:10-cv-01654-OWW-DLB (HC) |
| Petitioner, | ORDER VACATING FINDINGS AND RECOMMENDATION ISSUED JANUARY 13, 2011 AND DIRECTING RESPONDENT TO FILE A FURTHER RESPONSE TO PETITION |
| v. | |
| J. HARVEY, | [Doc. 14] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the instant petition, Petitioner challenges the Board of Parole Hearings' December 15, 2008 decision finding him unsuitable for release. Petitioner challenges the sufficiency of the evidence to support the decision and challenges the composition of the Board's twelve commissioners.

Respondent filed an answer to the petition on December 10, 2010, and Petitioner filed a traverse on December 28, 2010.

On January 13, 2011, the undersigned issued a Findings and Recommendation to deny petition finding some evidence to support the Board's December 15, 2008 decision.

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals held

1

1  that California law creates a liberty interest in parole that may be enforced under the Due Process
2  Clause.  Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606
3  F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), *rev'd*, Swarthout
4  v. Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit
5  instructed reviewing federal district courts to determine whether California's application of
6  California's "some evidence" rule was unreasonable or was based on an unreasonable
7  determination of the facts in light of the evidence.  Hayward v. Marshall. 603 F.3d at 563;
8  Pearson v. Muntz, 606 F.3d at 608.

9       On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v.
10 Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  In Swarthout, the
11 Supreme Court held that "the responsibility for assuring that the constitutionally adequate
12 procedures governing California's parole system are properly applied rests with California
13 courts, and is no part of the Ninth Circuit's business."  The federal habeas court's inquiry into
14 whether a prisoner denied parole received due process is limited to determining whether the
15 prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons
16 why parole was denied." Id., *citing*, Greenholtz v. Inmates of Neb. Penal and Correctional
17 Complex, 442 U.S. 1, 16 (1979).  Based on the Supreme Court's holding in Swarthout,
18 Petitioner's challenges to the sufficiency of the evidence do not present cognizable claims for
19 relief and must be summarily dismissed.

20      However, the Court will allow the action to proceed on Petitioner's challenge to the
21 composition of the Board's twelve commissioners as being in violation of his procedural due
22 process rights and directs Respondent to file a response addressing this claim only.

23      Based on the foregoing, it is HEREBY ORDERED that:
24      1.  The Findings and Recommendation issued January 13, 2011, is VACATED;
25      2.  Petitioner's challenges to the sufficiency of the evidence to support the Board's
26          2008 decision are DISMISSED;
27      3.  Within forty-five (45) days from the date of service of this order, Respondent shall
28          file a response addressing Petitioner's due process challenge to the composition of

the Board's twelve commissioners; and

4. All other provisions of the Court's September 22, 2010, remain in full force and effect.

IT IS SO ORDERED.

Dated: **February 3, 2011**         /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE