# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORIS JIMENEZ,<br><br>        Petitioner,<br><br>  v.<br><br>J. HARVEY,<br><br>        Respondent.<br>_____/ | 1:10-cv-01654-OWW-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 19] |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed the instant petition for writ of habeas corpus on September 13, 2010. Petitioner challenges the Board of Parole Hearings' December 15, 2008 determination finding him unsuitable for release. Petitioner contends the Board's decision violated his federal due process rights because it lacked sufficient evidentiary support and because the composition of the Board's commissioners does not comply with California Penal Code section 5075(b), which instructs the Governor and California Senate to appoint commissioners who "reflect as nearly as possible a cross section of the racial, sexual, and geographic features of the population of the State."

    On February 3, 2011, the Court dismissed Petitioner's challenge to the sufficiency of the evidence in light of the Supreme Court's decision in <u>Swarthout v. Cooke</u>, __ U.S. __, 131 S.Ct. 859 (2011) (per curiam). The Court directed Respondent to file a response to Petitioner's challenge to the composition of the Board's commissioners.

Respondent filed a motion to dismiss on March 18, 2011.  Petitioner filed an opposition on April 6, 2011, and Respondent filed a reply on April 11, 2011.

## DISCUSSION

### I. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  A motion to dismiss is a proper response to such petitions.  Id.; White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1997), superseded by statute on other grounds in Binford v. Rhode, 116 F.3d 396, 398-399 n.3 (9th Cir. 1997).  The rules governing section 2254 proceedings permit the filing of a motion to dismiss to avoid "the necessity of filing an answer on the substantive merits of the petition."  Rules Governing Section 2254 Cases, Rule 4 advisory committee's note; Lonchar v. Thomas, 517 U.S. 314, 325-326 (1996); White, 874 F.2d at 602.  Thus, if the petition fails to state a cognizable claim, it may be dismissed without a review of the merits.

### II. Review of Petition

"[F]ederal habeas corpus relief does not lie for errors of state law.  Swarthout v. Cooke, 131 S.Ct. at 861 (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)); Pulley v. Harris, 465 U.S. 37, 41 (1984); Milton v. Wainwright, 407 U.S. 371, 377 (1972).  The Antiterrorism and Effective Death Penalty Act (AEDPA) precludes relief unless the state inmate can demonstrate a constitutional violation based on clearly established federal law as determined by the United States Supreme Court.  28 U.S.C. § 2254(a), (d).  Petitioner bears the burden of demonstrating entitlement to federal habeas corpus relief under section 2254.  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).

#### A. Failure to State a Cognizable Federal Claim

Petitioner contends his federal due process rights were violated by the composition of the Board's commissioners.  As an initial matter, Petitioner's claim appears to be based entirely on a alleged violation of California Penal Code section 5075(b).  Petitioner has not demonstrated that the Due Process Clause of the federal Constitution guarantees that he will be considered for

parole by a Board comprised of commissioners of any particular race, sex, economic status, or geographic origin. Absent such clearly established federal law, Petitioner's claim is based entirely on the alleged violation of state law, which is not cognizable via section 2254.

### B. Failure to Challenge Fact or Duration of Custody

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Rules Governing Section 2254 Cases, Rule 1 advisory committee's note. State inmates seeking federal habeas corpus relief are limited to challenging their "custody." 28 U.S.C. § 2254(a). In determining when inmates may bring a habeas petition, "the [Supreme] Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Therefore, if success on a inmate's claim does not "necessarily spell speedier release, habeas corpus relief is not available. Id. at 81-82 (holding federal habeas jurisdiction lacking where petitioner's challenged parole eligibility and suitability procedures); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

Petitioner's challenge to the composition of the Board's commissioner must have a sufficient nexus to the fact or duration of his confinement. Bailey v. Hill, 599 F.3d 976, 981 (9th Cir. 2010). Any connect between the racial, sexual, economic or geographic background of the commissioners and the chance Petitioner would be granted parole is too speculative and attenuated to warrant habeas jurisdiction. Furthermore, Petitioner's claim that the Board's commissioners all have backgrounds in law enforcement is not a circumstance controlled by California Penal Code section 5075(b). Nothing in that section requires the Board's commissioners to have a spectrum of employment backgrounds or prohibit the appointment of commissioner with law enforcement experience. Moreover, Petitioner has not shown that his

actual parole hearing was conducted by commissioners with law enforcement backgrounds. The presiding commissioner had been a correctional counselor, and the deputy commissioner had no law enforcement history. (Ex. 1, to Motion, Board Transcript.) In fact, Petitioner does not allege either of the Board commissioners who denied his release were responsible for his arrest or prosecution, or had stated prior to his hearing that they considered him unfit for parole release. (Pet. at 25.) Therefore, the composition of the Board's commissioners is not type of severe, immediate restraint on liberty that of which habeas corpus relief protects. Bailey, 599 F.3d at 980 ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.").

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition for writ of habeas corpus, namely, Petitioner's challenge to the composition of the Board of Parole Commissioners be GRANTED; and

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 18, 2011**                      /s/ **Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE